FILED
United States Court of Appeals
Tenth Circuit

July 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEROD CODY LINTHICUM,

Defendant - Appellant.

No. 14-5046
(D.C. No. 4:13-CR-00086-CVE-3)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Jerod Cody Linthicum entered a guilty plea to one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine. The district court granted both the government's motion for a downward departure and Mr. Linthicum's motion for a downward variance, and sentenced Mr. Linthicum to the mandatory minimum of 120 months' imprisonment.

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Linthicum's plea agreement contained a waiver of his right to appeal or collaterally attack his conviction or sentence. Despite this waiver, Mr. Linthicum filed a notice of appeal and a corresponding docketing statement in which he states that he wants to appeal his sentence.

The government moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam). Mr. Linthicum's attorney filed a response in which he invokes *Anders v. California*, 386 U.S. 738 (1967), agrees with the government that the appellate waiver is valid and should be enforced, and moves to withdraw from the case. Mr. Linthicum was then given the opportunity to file a pro se response to the motion to enforce.

In his pro se response, Mr. Linthicum indicates that he wants to appeal on the grounds of ineffective assistance of counsel because his attorney allegedly misled him into accepting the plea agreement. We have held "that a plea agreement waiver of postconviction rights does not waive the right to bring a [28 U.S.C.] § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). But we have also held that "a defendant must generally raise claims of ineffective counsel in a collateral proceeding, not on direct review. This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (internal citation omitted). Accordingly, Mr. Linthicum's potential claim for

ineffective assistance of counsel does not provide a basis for denying the government's motion to enforce the appeal waiver in this matter.

We grant the motion to enforce the appeal waiver and dismiss the appeal. We also grant counsel's motion to withdraw. This dismissal does not affect Mr. Linthicum's ability to file a § 2255 motion asserting a claim for ineffective assistance of counsel in connection with his guilty plea or appeal waiver.

Entered for the Court
Per Curiam